# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4840 | **DATE** | 8/5/2010 |
| **CASE TITLE** | Douglas Lemon (#2010-0125208) vs. Judge Timothy Joseph Joyce, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.42 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the Court's own motion, the complaint is dismissed on preliminary review as to Defendants Joyce, Godinez, the Jane Doe State's Attorney, and Cook County pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a "strike" under 28 U.S.C. § 1915(g) for the dismissal of his claims against those Defendants. The Clerk is directed to issue summonses for service on Defendant Dart by the U.S. Marshal. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that a judge and deputies at a Cook County Courthouse used unjustified force against him, and that a prosecutor refused either to intervene during the fracas or to bring charges against Plaintiff's alleged assailants afterwards.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.42. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

### Facts Alleged in the Complaint

Plaintiff alleges that during a fitness hearing at a Cook County Circuit Court on March 6, 2009, he experienced an anxiety attack that caused him to black out. Because Plaintiff was losing consciousness, he did not hear or register the presiding judge order him to be seated.

When Plaintiff failed to sit down as directed, the judge gave orders for the courtroom deputies to use "extreme excessive force abuse" (sic) on Plaintiff, even though he posed no threat to himself or to anyone else. The officers held Plaintiff down and then beat him; the judge himself left the bench to join the officers in the attack. Plaintiff had to be hospitalized for his injuries. The judge subsequently found Plaintiff to be in contempt of court and imposed six months of jail time. Afterwards, the judge refused to recuse himself from the criminal proceedings.

The unidentified State's Attorney who was in the courtroom at the time of the disturbance failed either to go to Plaintiff's defense at the time or, later, to lodge criminal charges against Plaintiff's alleged assailants.

### Discussion

Not surprisingly, transcripts of the proceedings and even Plaintiff's own appellate brief, both of which are attached to the complaint, paint a markedly different picture of the events giving rise to this lawsuit. Nevertheless, accepting Plaintiff's factual allegations as true for purposes of threshold review, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against the unnamed Sheriff's Deputies. Unjustified force against a detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998). While a more fully developed record may belie Plaintiff's claims, the officers must respond to the allegations in the complaint.

However, Plaintiff may not sue Judge Joyce for damages. The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991)*; Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Stump*, 435 U.S. at 356-57; *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted).
**(CONTINUED)**

| STATEMENT (continued) |
|---|

In restoring order in his courtroom, Judge Joyce was performing a basic judicial function. "[E]ven if a particular act is not a function normally performed by a judge, we are directed to 'look to the particular act's relation to a general function normally performed by a judge.' " *Triplett v. Connor*, 109 Fed. Appx. 94, 96 (6th Cir. 2004), *quoting Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). "[I]t has been long-established that it is a judge's obligation to protect the sanctity and dignity of courtroom proceedings.' " *Triplett*, 109 F.3d at 96, *citing Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir.1974); *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir.1971). "[W]here they are acting to ensure the orderly administration of justice and regulate the conduct of persons in their courtroom, judges will generally be accorded absolute judicial immunity." *Primm v. County of DuPage*, No. 92 C 3726, 1993 WL 5931, *4 (N.D. Ill. Jan. 6, 1993) (Plunkett, J.); *but see Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974) (judge alleged to have assaulted plaintiff while physically removing him from the courtroom was entitled only to good faith immunity and not absolute immunity, in part because the act is one normally performed by a sheriff or bailiff and is thus nonjudicial.) The Court finds that Defendant Joyce is immune from damages for helping to subdue Plaintiff and restore order in his courtroom.

The complaint is likewise dismissed as to Salvador Godinez, the Executive Director of the Cook County Jail. Plaintiff has alleged no facts suggesting Godinez's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Godinez's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual Defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has failed to state any facts indicating that Godinez was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint. In fact, the incident did not occur at the jail. Accordingly, Godinez is dismissed as a Defendant in this matter.

Cook County, Illinois, is also dismissed as a Defendant. Like supervisory officials, the county cannot be held liable under a theory of *respondeat superior*. *See, e.g., Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000)*, citing Monell v. New York Dept. of Social Services,* 436 U.S. 658 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994) ("*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983"). A governmental entity is liable for damages under Section 1983 only if Plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury **(CONTINUED)**

| STATEMENT (continued) |
|---|

was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). In this case, there is no suggestion of an unconstitutional custom, practice, or policy.

The complaint additionally fails to state a cognizable cause of action against the Jane Doe State's Attorney. The prosecutor had no obligation to put herself at risk by entering the courtroom melée. *Compare Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002) (prison guard was not required to put himself at jeopardy by breaking up a fight between two inmates armed with weapons); *accord, MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995); *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989). There is no duty of an onlooker to a crime to render aid or help the victim of the crime. *See, e.g., Fitzpatrick v. City of Fort Wayne*, 679 F. Supp. 2d 947, 953 (N.D. Ind. 2009). Illinois tort law imposes no duty on people to prevent or rescue others from injuries by third parties. *Cuyler v. United States*, 362 F.3d 949, 954 (7th Cir. 2004). The prosecutor was not constitutionally required to join the fray.

Furthermore, Plaintiff had no constitutional right to see his alleged assailants criminally charged. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). The State's Attorney's failure to charge the judge and officers with battery is not actionable under 42 U.S.C. § 1983, irrespective of whether such charges would have been justified.

Sheriff Thomas Dart lacks any personal involvement in the events underlying the complaint; however, Plaintiff is unable to name the "approximately eight Sheriff's Deputies" who allegedly used unjustified force. In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the Court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

Once Plaintiff has obtained service on the Sheriff, and an attorney has entered an appearance on Dart's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may seek leave to amend the complaint to substitute their names for those of the John Doe officers. Summonses will then issue for service on the Defendants in interest and Sheriff Dart will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).
**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

      The Clerk shall issue summons for service of the complaint on Defendant Dart only. The United States Marshals Service is appointed to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant Dart in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      As a final concern, the Court's dismissal of certain claims and Defendants on initial review mandates the entry of a "strike" under 28 U.S.C. § 1915(g). When a prisoner files a multi-claim, multi-Defendant suit, "the district court should evaluate each claim for the purpose of § 1915(g)." *George v. Smith*, 507 F.3d 602, 607 (7th Cir. 2007). A strike is warranted when a prisoner files "a complaint containing a frivolous claim." *Id.* at 608. To incur a strike, the entire case need not be dismissed as frivolous or for failure to state a claim. Rather, in accordance with *George*, so long as any claim is dismissed as frivolous or malicious, or for failure to state claim, the dismissal may count as a strike. *Id.*; *see also Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004) (warning that when prisoners seek to file a complaint jointly, each plaintiff may incur a strike if any claim in a complaint or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted," regardless of whether other claims therein have merit). Because the Court expended considerable time and effort researching and winnowing Plaintiff's complaint, he is assessed a strike for his frivolous claims.